IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN DONAVEN, | : |
| | : |
| Plaintiff, | : NO. 4:08-CV-1289 |
| | : |
| v. | : (Judge Jones) |
| | : |
| IB PROPERTY HOLDINGS, LLC, | : |
| | : |
| Defendant. | : |

# MEMORANDUM

## August  7 , 2008

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a Motion for Injunction to Stop Foreclosure Proceedings ("Motion"), filed by Plaintiff Helen Donaven ("Plaintiff" or "Donaven") on July 31, 2008. (See Rec. Doc. 4).

For the reasons that follow, we will dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and deny the Motion as moot.

1

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On July 7, 2008, Plaintiff instituted the instant action via the filing of a Complaint.[1] (See Rec. Doc. 1). The Complaint indicates that the events relevant to this action began on November 8, 2006, when Plaintiff executed: 1) a promissory note in favor of InterBay Funding, LLC, in the principal sum of $113,750.00; and 2) a mortgage on a property at 2466 North George Street, York, Pa 17406. Plaintiff appears to aver that on December 26, 2006, she tendered what she thought to be the first monthly payment due on said mortgage, in the amount of $960.00. However, Plaintiff alleges that she subsequently receive a notice of foreclosure for failure to remit the appropriate payments. During the oral and written communications that followed between Plaintiff and customer service representatives at Bayview Lending Services, LLC, Plaintiff allegedly learned that her monthly payment was not $960.00 as she thought, but rather more than

---

1 We note that to date, Plaintiff has neither paid the requisite filing fee nor requested to proceed in forma pauperis. Accordingly, to our knowledge, Defendant has not yet been served with a copy of the Complaint. Moreover, based on Plaintiff's failure to pay the filing fee or request leave to proceed in forma pauperis, we could herein afford Plaintiff a deadline by which to do one of the aforementioned and later dismiss this action without prejudice if Plaintiff did not comply therewith. See Schneller v. Crozer Chester Med. Ctr., 2008 U.S. App. LEXIS 8770, at *4 (3d Cir. 2008) (indicating that "[o]n remand, the District Court is directed to enter an order setting a date certain by which Schneller is required to pay the filing fee in full. If Schneller does not pay the filing fee by that date, the District Court may dismiss the complaint without prejudice on that basis."). However, as we have concluded that we do not have subject matter jurisdiction over this matter, we see little reason to engage in the above-described course of action.

2

$1800.00. During these communications, Plaintiff indicated that no attorney was present at the time of settlement.

Plaintiff's Complaint and the attachments thereto (see doc. 1 at 8-22) make clear that the events outlined above culminated in the institution of a foreclosure action by Defendant herein, IB Property Holdings, LLC ("Defendant" or "IB"), against our Plaintiff. Said action was filed in the Court of Common Pleas of York County, Pennsylvania (see, e.g., doc. 1 at 9), and according to Plaintiff, on March 6, 2008, judgment in said action was entered against Plaintiff. Accordingly, a foreclosure sale of the property located at 2466 North George Street, York, Pa 17406 is allegedly scheduled to occur on August 16, 2008.

Both Plaintiff's Complaint and the pending Motion (doc. 4), which was filed on July 31, 2008, request that the foreclosure sale be stopped. Indeed, Plaintiff seeks an injunction to prevent the August 16, 2008 sale from going forward. In support of her request, Plaintiff alleges that she is "a victim of a **SCAM AND FRAUD** . . . ." (Rec. Doc. 4 at 1 (emphasis in original)). More specifically, Plaintiff claims that Joe Jackson, the closing agent and "somewhat well known television spokes person [sic] in the York, Pa, area" who was present at the settlement that took place on November 8, 2006 (see doc. 1 at 2, 17), told her that her monthly repayment amount would be about $960.00, not $1800.00 as Plaintiff

3

later learned. However, that portion of the document entitled "Adjustable Rate Promissory Note" which is attached to the Complaint (see doc. 1 at 17) plainly indicates that "[t]he initial monthly payment shall be in the amount of One Thousand Three Hundred Forty-Seven Dollars And Twenty-Two Cents" ($1347.22).

**DISCUSSION:**

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Moreover, although we recognize the opinion is not precedential, the Third Circuit has acknowledged that "Rule 12(h)(3) allows a District Court to dismiss an action for lack of subject-matter jurisdiction on its own motion . . . ." DeSantis v. Franklin, 160 Fed. Appx. 237, 238 n.1 (3d Cir. 2005). Accordingly, it is incumbent upon federal courts to ensure that subject-matter jurisdiction exists if such is in question. See Morel v. Immigration and Naturalization Serv., 144 F.3d 248, 251 (3d Cir. 1998) (citing Ins. Corp. of Ireland, Ltd. v. Companie des Bauxite de Guinee, 456 U.S. 694 (1982)). Notably, because Plaintiff has brought this matter before us via her filing of the instant Complaint, it is her burden to establish that subject-matter jurisdiction

4

exists. Commonwealth, Dep't of Pub. Welfare v. Markiewicz, 930 F.2d 262, 266 (3d Cir. 1991).

Upon our review of Plaintiff's filings and recent authorities considering the Rooker-Feldman doctrine,[2] we conclude that Plaintiff cannot meet said burden. Indeed, the Complaint itself express no cognizable federal claim, but rather seeks to have this Court enjoin a foreclosure sale required by a judgment issued by the Court of Common Pleas of York County. The Rooker-Feldman doctrine "is derived from 28 U.S.C. § 1257 which states that '[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court . . . .'" Gary v. Braddock Cemetary, 517 F.3d 195, 200 (3d Cir. 2008) (noting also that "[s]ince Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." (citation omitted)). Said doctrine thus deprives District Courts of jurisdiction under certain, limited circumstances. See DeSantis, 160 Fed. Appx. at 238 (stating that "[t]he Rooker-Feldman doctrine deprives a federal

---

[2] This doctrine is named for Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

5

district court of jurisdiction to review, directly or indirectly, a state court adjudication." (emphasis added)).

As recently noted by this Court, in 2005, the Supreme Court reiterated that the Rooker-Feldman doctrine prevents federal courts from exercising subject-matter jurisdiction in those cases "(1) brought by state-court losers (2) complaining of injuries caused by state court judgments (3) rendered before the District Court proceedings and (4) inviting District Court review and rejection of those arguments." Warren v. Baker, 2007 U.S. Dist. LEXIS 57429, at *9 (M.D. Pa. 2007) (citing, inter alia, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)). As explained by the Court of Appeals for the Third Circuit after the Supreme Court's 2005 decision, "[u]nder the Rooker-Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief request effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). Reversal or voiding of a state court decision occurs "if a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication . . . even if it [the plaintiff's claim] was not raised in the state court." Id. at 193. The rationale behind the Rooker-Feldman doctrine is that

6

federal courts should not sit as appellate courts for state court judgments. Knapper v. Bankers Trust Co., 407 F.3d 573, 580 (3d Cir. 2005).

The circumstances alleged in Plaintiff's Complaint, as supported by the documents attached thereto, clearly demonstrate that this Court lacks jurisdiction over this action pursuant to the Rooker-Feldman doctrine. In terms of the elements enumerated in Warren, 2007 U.S. Dist. LEXIS 57429, we so find because: 1) this action was initiated by Plaintiff, against whom judgment was entered in a state court located in York County; 2) Plaintiff's action seeks to reverse the injury caused by the York County judgment: the listing of her property for a foreclosure sale; 3) the York County judgment against our Plaintiff issued months before she initiated the instant case; and 4) the granting of Plaintiff's requests for injunctive relief would require this Court to review and reject the York County judgment. Thus, although we are not without sympathy for Plaintiff's situation, we lack jurisdiction over this action.

Accordingly, we will dismiss this case and deny as moot Plaintiff's pending Motion.[3]

---

[3] We note that assuming arguendo Plaintiff's Motion were not mooted by our decision herein, it would be appropriately denied on the merits at this juncture. Indeed, Rule 65 of the Federal Rules of Civil Procedure governs the granting of injunctive relief such as temporary restraining orders and preliminary injunctions. It is well-established that injunctive relief is an "extraordinary remedy . . . ." See, e.g., Chez Sez III Corp. v. Twp. of Union, 945 F.2d 628, 634 (3d Cir. 1991) (citation and internal quotations omitted). Recently, the Third Circuit described

## **CONCLUSION:**

For all of the aforestated reasons, we will dismiss this action for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of Civil Procedure and deny as moot Plaintiff's Motion.

An appropriate Order closing this action shall issue on today's date.

---

the standard of review applicable to requests for preliminary injunctions as follows:

> [t]he standard for evaluating a motion for preliminary injunction is a four-part inquiry as to: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

United States v. Bell, 414 F.3d 474, 478 n.4 (3d Cir. 2005) (citing ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996) (en banc)). The submissions before us demonstrate that Plaintiff cannot satisfy said standard, particularly because for all of the reasons already stated, she can show no "reasonable probability of success on the merits . . . ." Id.